Chief Justice Robertson,
delivered the opinion of the court.
These six cases are all of the same char» actcr, and all involve the same points. ' They were therefore consolidated in argument, and will be decided together.
Trover, as constable, had failed to return, within tvrenty days succeeding the return days, six several executions oí /fieri facias, which had cometo his hands, in favour of Sharp, on six several judgments. The judgments were rendered on contracts for commonwealth’s paper, and the executions were all endorsed for suchnotes.
The circuit court, on motions against Trover, and his sureties, adjudged against them, in each case, the nominal amount of execution, andlegal interest “until paid,” and ten per cent damages.
These judgments have been superceded, and must be reversed.
It is not material, whether the judgments be construed to be for specie or paper. If they are for paper, they arc erroneous, because there is no principle of the common law, nor any statute, which will authorize a judgment for any thing but specie, in such cases.
If the judgments be considered as judgments for specie, they are all for too much. The constable was not at liberty to collect any thing but notes of the bank of the commonwealth, the creditor hadno right to exact any thing else by his executions. Having made bis endorsements,no executionson the same judgments could have coerced specie.
For failing to return the executions in proper time, the constable became liable for the value of the commonwealth’s notes, for which the executions had issued, lie was liable for the amount of the execuiions, which is equivalent to their value, and for ten per cent damages thereon.
The court has transcended this limit.
Com'íjvdiñal-¡¡¡/'knows ihai coiumonw’ibs paper never hasbeen equal in value to its nominal ain’t in specie. But court does not judicially Know precise rate of depreciation on a given day, or at a particular place. '
On motion against constable and sureties, for failure to return azocution, no interest is recoverable. Statute of 512 authorizes judgment, in such cases, only for am’t of execution and 10 per ct. damages.
We know judicially, that the notes of the bank of the commonwealth have never been equal in value to their nominal remount tor,pede. Theureciserateof depreciation on a given day, or at a particular place, we do not know judicially. But as the judgments are for the nominal amounts of the executions, and for interest thereon, the consequence is undeniable, that we must necessarily know, that they are for larger sums, than the law allows. They could not have been for more, if the executions had required the payment of specie. Therefore,as we know, that commonwealth’s notes have never been equivalent to their denomination in specie, we must know that the judgments exceed, in amount, the maximum allowed by law.
We know of no statute in force, where the causes for these motions accrued, which authorized a judgment for interest accruing, after the constable became liable by his delinquencies. The statute of 1812, (I Digest, 297,) authorizes a judgment, by motion, for the arnoumt of the execution, and. ten per cent damages, on that amount. The amount of the execution is the value, which maybe coerced by it, to be ascertained at the time when the penalty is incurred. In this respect, the acts of assembly seem to malee a distinction between constables and sheriffs. Interest on the amount of the execution may be exacted of the latter, because it isex~ prcssly declared tobe apart of fee penalty; hut the only penalty Imposed on the former, is the amount of the execution, and ten per cent damages upon it.
As the statute of 1012, is penal, we are not allowed to Increase its penalty, by extending its Import beyond the plain construction of its letter. If the creditor desire to recover interest on the amount of ins execution, he must waive the penalty oí ten per cent, and sue for whatever damage he may have sustained. If he will proceed for the penalty, he cannot recover more than that allowed by statute.
We consider the question of jurisdiction, as virtually settled by the co.se of Jones, et al. vs. Overstreet, IV Monroe, 547. If a motion wil! lie against a constable tor failing to pay over common wealth’s notes, collected by him under execution, it might be difficult ¡o assign <*.i>y Skíílií'i.í'iíí reason, why a motion might not be sus* .mned, tor a ftodure to n>lum expentton hr hoc •amc tototo cvrwi-y There r. ¡rilan?; «(«alogy m die *81 ÍYiOC'íse*!; Ihe reason, Avhich has been applied to the one c;i 'er must be an applicable íoibe oilier. The case in IV r.Ionroe, will not lie crwi.arbc.qw/ halever doubts •>e ot'lerlainod, a's to the concia livaness of the reasonings the authority should be acquio ’ced in.
Petition for a re-hearing
Mills and Brown, for plaintiffs; Monroe,for defendant.
For the errors, which have been suggested, the six judgment are severally reverted, and all remanded to {he circuit court, w ith instructions to re-try them, (asthe court and parlies seem to have proceeded on a mutual utr_.concepi.ion of the law,) and to render judgments according to the principles of this opinion.